Solomon Love and W. A. Chapman *v.* Steinback & Davis.

Pleadings and Practice. *Principal and surety.* To an action upon a note, it is not a good plea by the surety, that the principal was induced to give the security by the promise of the creditor to sell him another bill of goods on time, and that the principal induced him to become surety by making known the promise to him.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner county. Jo. C. Guild, J.

Head Bros. for Love and Chapman.

Munday & Elkin for Steinback & Davis.

Cooper, J., delivered the opinion of the court.

Suit by Steinback & Davis on two promissory notes executed to them by C. E. Love & Co. as principals, and the appellants as their sureties. The suit was brought against the members of the firm as well as the sureties. All of the defendants joined in pleading *nil debit* and payment, on which pleas issue was taken, and several special pleas demurrers to which were sustained. The appellants were permitted, after the allowance of the demurrers to the joint pleas, to file a separate special plea, a demurrer to which was like-

wise sustained. The cause was then tried on the issues joined, and the verdict and judgment were in favor of the plaintiffs. The sureties alone appealed.

The error relied upon for reversal is in the ruling of the trial court on the demurrers to the pleas. The defense sought to be made by these pleas is substantially the same. They state that Love & Co. were indebted to Steinback & Davis for goods sold and delivered in the amount for which the two notes sued on were given; that an agent of the plaintiffs, who reside at Nashville, came to Love & Co., doing business at Gallatin, to collect the debt and sell them other goods; that Love & Co. informed him that they were financially embarrassed and unable to pay the debt and unwilling to involve others as security therefor; that the agent, having authority so to do, then proposed to Love & Co. that if they would execute their notes, with appellants as sureties, for the debt, the plaintiffs would sell them an additional bill of goods in excess of the notes, the additional debt thus created to mature after the maturity of the notes; that the proposition was accepted, and, with this agreement and understanding, Love & Co. went to, and solicited the sureties to sign the notes sued on, making known the agreement to them, and upon this assurance and agreement said sureties signed the notes, and they were delivered to plaintiffs' agent; that the plaintiffs, with a knowledge of the facts, received the notes from their agent without repudiating the agreement, and afterwards refused to comply with its stipulation. It is further averred that the propositions were made fraudulently, and

that the plaintiffs procured the execution and possession of the notes by means of the false and fraudulent representations made.

The substance of the defense is that the plaintiffs, through their agent, promised Love & Co., if they would give security for their existing debt, to sell them another bill of goods on time, and that Love & Co. induced the appellants to become bound as their sureties by making known this promise to them. The plea states that the appellants were induced to become sureties under the expectation that they would be secure by reason of the fact that the additional goods might be sold and appropriated to the payment of the notes before the purchase money for the goods would become due. But the plea does not state that this was a part of the proposition made by the agent of the plaintiffs to Love & Co., and it is obvious that it was a mere inference of their own from the facts detailed to them, or an inducement held out by Love & Co. The substance of the plea is, as said above, that Love & Co. were induced to give security by the promise to sell them another bill of goods on time, and that the appellants became sureties upon the fact of such promise being made known to them by Love & Co.

The plea does not aver that the notes were signed by the appellants, and delivered by them, either to their own principal or the agents of the plaintiffs to be held as an escrow until the sending of the new bill of goods, or the performance of any other condition. A note executed to take effect only upon the

Love and Chapman *v.* Steinback & Davis.

compliance with some condition is, if the condition be not complied with, not the act of the party, and the defense must be made by a special plea of *non est factum,* which, by statute, must be sworn to: Code, sec. 3777.   The pleas in this case are not sworn to.

If the notes were signed by the appellants and delivered by them to their principals to be handed by them to the plaintiffs or their agent, without any stipulation or condition limiting their liability, and merely upon the assurance or promise of their principals that they would thereby procure a new bill of goods from the plaintiffs, and so dispose of the goods as to protect the sureties, the notes would be clearly binding on the sureties as between them and the plaintiffs. For the promise of the principal would be by way of inducement, and not a condition: *Carrick* v. *French,* 7 Hum., 459; *Evans* v. *Gibbs,* 6 Hum., 406; *Amis* v. *Marks,* 3 Lea, 572.

The consideration of the notes was the debt then due from Love & Co. to the plaintiffs.   The representations made by the principal debtor to the sureties merely constituted the motive for becoming security, and formed no part of the consideration.   The pleas do not aver that there were any representations at all, either directly or through their agent, to the sureties. As between these parties the only consideration of the notes was the pre-existing debt of the principals. There has been no failure of that consideration.

The pleas not alleging any representations, fraudulent or otherwise, by the plaintiffs or their agents to the sureties, it is obvious that there could be no fraud

19—VOL. 10.

by reason of such representations. The defense must, therefore, rest upon the defense which the principal debtors may be able successfully to make.

But Love & Co. do not plead that the notes were delivered by them upon a condition which has not been complied with so as to render them invalid. For such a conditional delivery would, as we have seen, create an escrow or liability dependent upon the performance of the condition, and the defense would be by plea of *non est factum* · put in under oath. The principals cannot rely upon a failure of consideration, for the consideration was the pre-existing debt. The averments of the pleas themselves render it reasonably certain that the supposed promise to sell another bill of goods was in the form of a suggestion that if the old debt was secured, a credit for new purchases might be obtained. There are no facts stated in the pleas upon which the charge of fraud as to the principals can be predicated. And if the promise be treated as positive and founded upon a sufficient consideration, it would only constitute a mutual debt the damage for the breach of which might be set off by a proper plea: Code, sec. 2919. But not one of the pleas is filed with that view, or avers that there was any damage by its breach. Moreover, the special pleas in which the principals joined were fatally defective, and so held on demurrer. The principal defendants have acquiesced in the rulings of the court below thereon, and in the final judgment. No relief can be worked out through them.

It may be that the causes of demurrer do not

·cover the defects of the pleas indicated. But the pleas are such that if issues had been taken on them and found in favor of the defendants, the plaintiffs would have been entitled to judgment *non obstante veredicto*.

Affirm the judgment.